# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 23, 2013

Lyle W. Cayce
Clerk

No. 12-30671
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL HOOKER,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-255-1

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Michael Hooker was convicted of conspiracy to make false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 371, and for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g), and received, *inter alia*, 70 months' imprisonment. Contesting only his sentence, Hooker contends: the district court's applying Guideline § 3B1.1(c) (leadership or supervisory role) to enhance his sentence was erroneous because it was based solely on a buyer-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seller arrangement between himself and a co-defendant; and that Guideline cannot be based on a single straw-purchase of a firearm.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). Assuming *arguendo* the specific contentions raised here were preserved in district court, they fail.

Regarding the Guideline § 3B1.1(c) enhancement, Hooker contends his sworn factual basis established his role as a mere buyer, rather than a leader or supervisor; in the alternative, he contends that Guideline was erroneously applied due to the district court's mistaken view of the facts. "A factual finding that a defendant was an organizer, leader, manager, or supervisor under [ ] Guideline § 3B1.1(c) is reviewed for clear error." *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006) (citation omitted). Such findings are "not clearly erroneous as long as [they are] plausible in [the] light of the record". *Id.* (citation and internal quotation marks omitted). The record shows Hooker: recruited codefendant Smith to purchase the firearm for him; picked Smith up and drove him to a gun show; selected the firearm; provided money for the purchase; and paid Smith $40 to conduct the transaction. The court's finding Hooker to be a leader or supervisor of another participant in the offense under Guideline § 3B1.1(c) was not clearly erroneous.

Hooker's alternative contention – that the district court mistakenly relied on his directing codefendant Hollins to purchase ammunition – is unsupported by the record. Assuming *arguendo* the court's relying on that fact was

erroneous, Hooker's directing Smith to purchase the firearm renders such error harmless. *E.g.*, *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (error harmless when ultimate sentence otherwise proper).

Regarding single straw-purchases of a firearm, Hooker contends the factors listed in Guideline § 3B1.1's Application Note 4, as applied by case law, militate against applying the leadership-role enhancement to his sentence. Application Note 4 is irrelevant here: it lists factors distinguishing a defendant who has a leadership or organizational role in an offense from one who is merely a manager or supervisor for purposes of determining whether a four- or three-level adjustment is warranted under Guideline § 3B1.1(a) or (b). U.S.S.G. § 3B1.1 cmt. n.4. Instead, Hooker received a two-level increase under Guideline § 3B1.1(c), which makes no distinction among leaders, organizers, managers, and supervisors. For that reason, the cases Hooker cites for the proposition that a buyer-seller relationship is insufficient to support that enhancement are inapposite.

AFFIRMED.